IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JASON KYLE RICHARDS, | § | |
| (TDCJ No. 1037098) | § | |
| VS. | § | CIVIL ACTION NO.4:08-CV-468-Y |
| | § | |
| | § | |
| DISTRICT ATTORNEY'S | § | |
| OFFICE, et al. | § | |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §
1915A(B)(1) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff Jason Kyle Richards's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Richards, an inmate at the Texas Department of Criminal Justice's Robertson unit, filed a form civil-rights complaint with attachment pages seeking relief under 42 U.S.C. § 1983. He names as defendants the district attorney's office of Erath County, Texas; the sheriff of Erath County; and numerous other officials. (Compl. Style; § IV(B); attachments 3(a) and (b).) Richards, contending the he is innocent of his conviction for second-degree sexual assault, seeks a Court order directing the defendants to release and turn over to him all biological or DNA evidence, and he seeks an injunction preventing the defendants from withholding such evidence. (Compl. § V; attachment 4(a).)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the Prison Litigation Reform Act, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5]

The Court concludes that Richards's claims are not cognizable under 42 U.S.C. § 1983. Plaintiff seeks from this Court declaratory and a mandatory injunction ordering the production of DNA evidence. In *Heck v. Humphrey*,[6] the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

---

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[6] 512 U.S. 477, 486-87 (1994).

2

question by a federal court's issuance of a writ of habeas corpus."[7] Although the Heck opinion involved a bar to claims for monetary damages, a dismissal of a claim for injunctive relief and for declaratory relief may also be made pursuant to Heck.[8]

The United States Court of Appeals for the Fifth Circuit, citing the analysis of the United States Court of Appeals for the Fourth Circuit in Harvey v. Horan, 278 F.3d 370, 374-78 (4th Cir.2002), pet. for reh'g and reh'g en banc denied, 285 F.3d 298, held that, "under Heck, no § 1983 claim exists for injunctive relief to compel DNA testing . . . ."[9] The Fifth Circuit explained:

> [S]ince Preiser v. Rodriguez, 411 U.S. 475(1973), the Supreme Court has consistently held that habeas corpus is the exclusive means for prisoners to attack the fact or duration of their confinement. Harvey . . . analyzed a claim for DNA testing much like this one and drew the obvious conclusion that the proposed remedy is sought "to set the stage for a future attack on [the prisoner's] confinement"-effectively transforming the claim into a petition for a writ of habeas corpus. Harvey, 278 F.3d at 378. Not only is Harvey strongly persuasive, but this Court, too, has recently reiterated that claims seeking to attack the fact or duration of confinement, as well as claims which are "so intertwined" with attacks on confinement that their success would "necessarily imply" revocation or modification of confinement, must be brought as habeas corpus petitions and not under § 1983. Martinez v. Texas Court of Criminal Appeals, 292 F.3d 417, 423 (5th Cir.2002). Under Martinez, a prisoner's request for DNA testing of evidence relevant to his prior

---

[7] Heck, 512 U.S. at 486-87; see also Wells v. Bonner, 45 F.3d 90, 94 (5th Cir. 1995).

[8] See Edwards v. Balisok, 520 U.S. 641, 648 (1997)(extending Heck to claims for declaratory relief that necessarily would imply the invalidity of punishment); Clarke v. Stadler, 154 F.3d 186, 190-91 (5th Cir. 1998)(en banc) (holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of Heck v. Humphrey), cert. den'd, 525 U.S. 1151 (1999).

[9] Kutzner v. Montgomery County, 303 F.3d 339, 341 (5th Cir. 2002).

conviction is "so intertwined" with the merits of the conviction as to require habeas corpus treatment.[10]

Under this controlling authority, Plaintiff's request to have this Court direct the production of biological evidence for DNA testing or to enjoin the defendants from withholding such evidence is not cognizable under 42 U.S.C. § 1983, and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[11]

Therefore, under the authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), all of Plaintiff's claims under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met.[12]

SIGNED January 20, 2009.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[10]*Id.*

[11]*See Heck*, 512 U.S. at 487-88; *see generally Leviege v. Hamlin,* No.3:06-CV-1721-N, 2006 WL 3478400, at *2-3 (N.D.Tex. Dec. 1, 2006)(dismissing claims for exoneration from conviction and to produce DNA evidence under § 1983 as frivolous under §§ 1915A and 1915(e)); *Crum v. Foti,* No.08-57-C, 2008 WL 4297055 (M.D.La. Sep. 16, 2008)(dismissing as frivolous under § 1915(e) claims to compel production of biological evidence for DNA testing).

[12]*See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

4